ON PETITION FOR REHEARING
Feb. 10, 2009.
PER CURIAM:
Achobe’s petition for rehearing is before this panel. Achobe claims that in its opin *275 ion in his case, this court misapplied the standard of harmless error, violating the Supreme Court’s instructions in Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986), and in subsequent case law.
Achobe’s assertions are without merit. The penultimate paragraph of the section at issue makes the point that the harmlessness of error was considered in light of the “amount of evidence produced by the prosecution” and the fact that “the connection between Achobe and Herpin [was] sufficiently compelling.”[1] Although, in the interest of clarity, we might better have separated out references to the implausibility of racial bias as a motivating factor for Achobe’s arrest and prosecution, which goes to the merits of the Confrontation Clause claim, we now make clear that even if we were to treat the testimony of the DEA agents as incredible under the harmless-error doctrine elaborated in Van Arsdall,[2] there is substantial evidence of Achobe’s guilt. Indeed, much of the agents’ testimony is cumulative of damaging, corroborating evidence, with full cross-examination otherwise allowed.
Our refusal to reach the preservation issue, about which there are serious questions on the basis of the record, and the incompleteness of the showing if this complaint was in fact presented to the district court as a selective-prosecution claim, remains justified in light of the harmlessness of the error.
Achobe’s petition for rehearing is DENIED.

. The case against Achobe was established by copious documentary and testimonial evidence, much of it unchallenged (e.g., the testimony of Dr. Herpin; expert witnesses; and two drug dealers, who, although their testimony may offer some support for Achobe's contentions,, provided evidence that Achobe knew something was amiss, but believed clever adherence to formalities could save him). Each bit alone may not be sufficient, but, taken together, we are convinced that the errors asserted are harmless beyond a reasonable doubt in light of the other evidence establishing Achobe's guilt.

. Van Arsdall instructs us to consider the “importance of the witness’ testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.” 475 U.S. at 684, 106 S.Ct. 1431. That is precisely what we did in our opinion and repeat for emphasis in note 1, supra.